IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HELEN KINCHELOE, DAVID KINCHELOE, WILLIAM BELL, DAVID THOMAS, MELINDA COPELAND, KRISTEN BERGESON, AND L.O. POGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR PRO TEM OF BETRAM, TEXAS § § § § § § § § | | |
| V. § § § | CAUSE NO. A-09-CA-010 LY | |
| DAVID CAUDLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS POLICE CHIEF OF BERTRAM, JOANN STEPHENS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS MAYOR OF BERTRAM, AND THE CITY OF BETRAM, TEXAS § § § § § § § § | | |

**ORDER**

Before the Court are Defendants' Motion to Quash Plaintiffs' Notice of Intent to Take the Oral Deposition of Defendant, David Caudle (Clerk's Doc. No 43), and Plaintiffs' Answer to Defendants' Motion to Quash Plaintiffs' Notice of Intent to Take the Oral Deposition of Defendant, David Caudle (Clerk's Doc. No 44), both filed July 20, 2009.

**BACKGROUND**

On July 16, 2009, Plaintiffs served on Defendants their "Notice of Intent to Take Oral Deposition of David Caudle," noticing Chief Caudle's deposition for July 22, 2009. Defendants assert that Chief Caudle is in a training class on the day and time his deposition has been noticed, and therefore he is unavailable for the deposition. Defendants further state that they have asked Plaintiffs to move the deposition to accommodate Caudle's schedule, but Plaintiffs have refused to do so. Accordingly, Defendants are now moving for an order quashing the deposition notice.

## ANALYSIS

Federal Rule of Civil Procedure 45 permits a court to quash or modify a subpoena if the subpoena: (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than one hundred miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A)(i)-(iv). The moving party has the burden of proof to demonstrate that compliance with the order would be unreasonable and oppressive. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

As noted above, Defendants seek to quash the deposition of Defendant Caudle on the grounds that he has to attend a training class the same day the deposition is to occur. Plaintiffs respond by arguing that they were willing to change the date of the deposition if an alternative date was provided to them, but Defendants failed to do so. Additionally, Plaintiffs state that they must take the deposition by July 31, pursuant to a court order. In light of these issues, Plaintiffs request that the Court either deny Defendants' motion, or order Caudle to be present for deposition at the offices of Plaintiffs' attorney on July 27, 2009, at 9:30 a.m.

The parties are free to work out this type of scheduling issue among themselves, and the Court would hope that counsel, acting as professionals, could do so without the Court's intervention. However, if they cannot, the Court will allow the Federal Rules of Civil Procedure to settle matters. The burden is on Defendants to show that compliance with the deposition notice would be unreasonable. All that has been offered in that regard is a conflict between the deposition date and an unspecified "training" session. Under the Rules, this is not sufficient to demonstrate that attending the deposition would present an "undue burden" for Chief Caudle. As there is no other

complaint raised in the motion for protective order to the deposition taking place on July 22, the Court will deny Defendants' motion, with the caveat that Chief Caudle may elect to have the deposition take place at the alternative date and time offered by Plaintiff.

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Plaintiffs' Notice of Intent to Take the Oral Deposition of Defendant, David Caudle (Clerk's Doc. No. 43) is DENIED. Defendants shall make David Caudle available for deposition on either the date and time stated in Plaintiffs' "Notice of Intent to Take Oral Deposition of David Caudle," or, in the alternative, Defendants shall make David Caudle available for deposition at the offices of Plaintiffs' attorney on July 27, 2009, at 9:30 a.m. IT IS FURTHER ORDERED that Defendants shall notify Plaintiffs which date they prefer no later than 5:00 p.m. today.

SIGNED this 21st day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE